UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | |
| **JPMORGAN CHASE BANK,** | § | CIVIL ACTION NO. _____ |
| **NATIONAL ASSOCIATION,** | § | JURY |
| As Servicer for **DEUTCHE** | § | |
| **BANK NATIONAL TRUST** | § | |
| **COMPANY,** as Trust for **LONG** | § | |
| **BEACH MORTGAGE LOAN** | § | |
| **TRUST 2005-WL1,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT JPMORGAN CHASE BANK, N.A.'S
### NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A., as assignee of certain assets and liabilities of Washington Mutual Bank by the Federal Deposit Insurance Corporation ("JPMC"), incorrectly identified herein as "JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1", hereby files this Notice of Removal of this action from the 68th Judicial District Court, Dallas County, Texas, wherein it is now pending as Cause No. 09-09688, to the United States District Court for the Northern District of Texas, Dallas Division, the District Court of the United States for the District and Division embracing the place where this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant JPMC shows this Court as follows:

1. On August 3, 2009, Plaintiff Spencer W. Alpert ("Plaintiff") commenced an action against Defendant JPMC in the 68th Judicial District Court, entitled "*Spencer W. Alpert v. JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1.*"

2. Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiff served JPMC on August 3, 2009. Thirty (30) days have not elapsed since Plaintiff's Original Petition was properly served upon JPMC.

3. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the 68th Judicial District Court, Dallas County, Texas, and a copy of this Notice of Removal will also be served on the Plaintiff.

4. In accordance with LR 81.1, attached as Exhibit "A" is an index of all documents that clearly identifies each document and indicates the date the document was filed in the county court; attached as Exhibit "B" is a copy of the docket sheet in the county court action; and, attached as Exhibit "C" are documents filed in the district court action, except discovery material, individually tabbed and arranged in chronological order according to the district court file date. Also, in accordance with Local Rule 81.1, Defendant has filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with LR 3.1(c) and FRCP 7.1.

### Ground for Removal: Diversity

5. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States; specifically:

    (a)    <u>The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements</u>

    (i)    Plaintiff's Original Petition and Application for Temporary Restraining Order (the "Petition") requests temporary and permanent injunctive relief preventing JPMC from exercising its right to foreclose the real property subject of this lawsuit. *See* Petition, Ex. C-2 §§ VII-X, XIII. The subject real property subject has a current fair market value of $170,303.00, according to the Dallas Central Appraisal District. *Id*. at Ex. C. The principal balance of the mortgage at issue in Plaintiff's Petition is over $200,00.00. *Id*. at Exs. A-B. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Plaintiff also seeks an unspecified amount of damages for breach of contract and negligent misrepresentation/omission of material facts against JPMC. *See* Petition, Ex. C-2 §§ V-VI. In light of these allegations, the amount in controversy clearly exceeds $75,000 exclusive of costs and interest.

    (b)    <u>There is Complete Diversity between Defendant and the Plaintiff</u>

    (i)    Defendant JPMC was, at the time of the filing of this action, has been at all times since, and still is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).

    (ii)    Upon information and belief, Plaintiff Spencer W. Alpert was, at

the time of the filing of this action, has been at all times since, and still is an individual resident citizen of the State of Texas. *See* Petition, Ex. C-2 § II.

(iii)     28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1)     citizens of different states; …"

28 U.S.C. § 1332(a) (1).

(iv)     For purposes of diversity, an individual is a citizen of the state of their domicile, which is the place of their true, fixed, and permanent home and principal establishment, to which they have the intention of returning home whenever they are absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

(v)     Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located. *See Schmidt*, 546 U.S. 303.

(vi)     As JPMC is a citizen of the State of Ohio, while Plaintiff Spencer W. Alpert is a citizen of the State of Texas, but not Ohio, complete diversity of citizenship exists between Plaintiff and JPMC.

(vii)     The state court in which this action was commenced is within this Court's district and division.

      (c)    Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction over this matter as the amount in controversy meets the federal jurisdictional minimum and there is a complete diversity of citizenship between the Plaintiff and Defendant.

6.    There has not been any adjudication on the merits of the Petition in the state court action that would deprive JPMC of the right of removal. *See Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 782 (5th Cir. 1989) ("in general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (*quoting* 1A Moore, Federal Practice P 0.157[9] at 153 (1987)).

8.    This Notice of Removal is being filed with the 68th Judicial District Court in Dallas County, Texas, and is being served via United States Mail on Plaintiff, as set forth in the attached Certificate of Service.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. ("JPMC"), as assignee of certain assets and liabilities of Washington Mutual Bank by the Federal Deposit Insurance Corporation, prays that the above-described action now pending in the 68th Judicial District Court in Dallas County, Texas, be removed to this Court.

Respectfully submitted,

  /s/ Wm. Lance Lewis
WM. LANCE LEWIS
  State Bar No. 12314560
JAMES M. WORTMAN
  State Bar No. 24047143
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)
llewis@qsclpc.com
jwortman@qsclpc.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A.**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 25th day August, 2009.

David B. Koch
14755 Preston Road, Suite 600
Dallas, Texas 75254

  /s/ Wm. Lance Lewis
Wm. Lance Lewis