**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, As Servicer for DEUTCHE BANK NATIONAL TRUST COMPANY, as Trust for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1,** | § § § § § § § § | **CIVIL ACTION NO. __________ JURY** |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
INDEX OF MATERIALS ATTACHED TO NOTICE OF REMOVAL**

---

| No. | Date Filed or Entered | Document |
|---|---|---|
| A. | --- | Index of Materials Attached to Notice of Removal |
| B. | --- | Copy of Docket Sheet in State (District) Court Action |
| C. | --- | Documents filed in State (District) Court Action |
| C-1. | August 3, 2009 | Dallas County Civil District Court Cover Sheet |
| C-2. | August 3, 2009 | Plaintiff's Original Petition and Application for Temporary Restraining Order |
| C-3. | August 3, 2009 | Citation to Defendant JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 and Officer's Return |
| C-4. | August 3, 2009 | Temporary Restraining Order |





| | | |
|---|---|---|
| C-5. | August 3, 2009 | Receipt for Temporary Restraining Order Bond |
| C-6. | August 3, 2009 | Citation to Defendant JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 and Sheriff's Return |
| C-7. | August 4, 2009 | Notice of Show Cause Hearing to Defendant JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1 and Officer's Return |
| C-8. | August 14, 2009 | Joint Motion to Extend Temporary Restraining Order and Correspondence dated August 14, 2009 |
| C-9. | August 14, 2009 | Joint Motion to Extend Temporary Restraining Order and Correspondence dated August 13, 2009 |
| C-10. | August 17, 2009 | Correspondence regarding cancellation of hearing |
| C-11. | August 17, 2009 | Order Extending Temporary Restraining Order |
| C-12 | August 20, 2009 | Defendant JPMorgan Chase Bank, N.A.'s Original Answer (file-stamped) |

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
JAMES M. WORTMAN
State Bar No. 24047143
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)
llewis@qsclpc.com
jwortman@qsclpc.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been furnished to Plaintiff's counsel of record, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 25th day August, 2009.

David B. Koch
14755 Preston Road, Suite 600
Dallas, Texas 75254

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis

# JUDGE'S DOCKET,

Action: Filing: No. 09-9688-C

**DC-09-09688**
Filed: 08/03/2009

| OTHER (CIVIL) | 68th District Court |
|---|---|
| SPENCER ALPERT vs. JPMORGAN CHASE BANK | |
| Plaintiff<br>ALPERT, SPENCER | Lead Attorney<br>KOCH, DAVID BRUC |
| Defendant<br>JPMORGAN CHASE B | Lead Attorney |

100700004402500

ATTORNEYS

David Bruce Koch 11643850
14755 Preston Rd. Ste 600
Dallas, TX 75254
972 788 1600

Wm Lance Lewis 12314560
2001 Bryan St. Ste 1800
Dallas, TX 75201
214 871 2100

| JURY DEMAND DATE / FEE PAID BY / VOL. / PAGE | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|
| REPORTED HEARING | | | | | | | | | | |
| DATE / WIT. / EX. / RPTR | | | | | | | | | | |

DISPOSITION
- To fed court ☐
- To another county ☐
- D.W.P. ☐
- Nonsuit ☐
- Default ☐
- Agreed Jgt ☐
- Summary Jgt ☐
- Ex parte Jgt ☐
- Nonjury trial ☐
- Jgt on verdict ☐
- Dir verd or NOV ☐
- Other disposition ☐

JURY ACTIVITY
- Voir dire
- Jury sworn
- Ev to jury
- Mistrial
- Hung jury
- Dir verd
- Verdict
- New Trial

EXHIBIT B

Blumberg No. 5118

## ORDERS

| DATE | | | |
|---|---|---|---|
| 8/3/09 | 01 TRO | 448C095 | Copy P |
| 8/17/09 | 01 Extend TRO | 448C409 | Copy P |


Blumberg No. 5118
EXHIBIT
C

09-04768-C




# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

68th-C

**STYLED** ______________________ **v.** ______________________

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of fling, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. **Check (√) all applicable boxes.**

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| ☐ Pro Se | JP Morgan Chase Bank NA, et al |
| Address | |
| Telephone/Fax | |
| E-mail | |
| ☑ Attorney for Plaintiff(s) David Koch, Wright Ginsberg & Brusilow | |
| State Bar No. | |
| Address 14755 Preston Rd. Ste 600 Dallas 75254 | |
| Telephone/Fax (9) 788-1600 | |
| E-mail (9) 702-0662 | |

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

- ☐ Administrative Appeal
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Code Violations
- ☐ Condemnation
- ☐ Construction
- ☐ Construction
- ☑ Debt/Contract
- ☐ Defamation
- ☐ Other Commercial Dispute
  - ☐ Antitrust/Unfair Comp
  - ☐ Consumer/DTPA
  - ☐ Franchise
  - ☐ Fraud/Misrep
  - ☐ Intellectual Property
  - ☐ Non-Competes
  - ☐ Partnership
  - ☐ Securities/Stock
  - ☐ Tortuous Interference
  - ☐ Other Commercial
- ☐ Discipline
- ☐ Discovery
  - ☐ Rule 202 Depositions
  - ☐ Commissions
  - ☐ Subpoena
  - ☐ Letters Rogatory
  - ☐ Other Discovery
- ☐ Employment
  - ☐ Discrimination
  - ☐ Retaliation
  - ☐ Termination
  - ☐ Other Employment
- ☐ Foreclosure
  - ☐ R 736
  - ☐ Other than R 736
- ☐ Foreign Judgment
- ☐ Insurance
- ☐ Mass Tort/MDL/Rule 11
  - ☐ Asbestos
  - ☐ Baycol
  - ☐ Breast Implant
  - ☐ Firestone
  - ☐ Phen-Fen
  - ☐ Silica
  - ☐ Other Multi-Party
- ☐ Motor Vehicle Accident
  - ☐ Other Personal Injury
  - ☐ Assault/Battery
  - ☐ Product
  - ☐ Premises
  - ☐ Other Personal Injury
- ☐ Name Change
- ☐ Post-Judgment
- ☐ Professional Liability
  - ☐ Accounting
  - ☐ Legal
  - ☐ Med/Mal
  - ☐ Other Prof. Liab.
- ☐ Property
  - ☐ Partition
  - ☐ Quite Title
  - ☐ Trespass/Try Title
  - ☐ Other Property
- ☐ Prejudgment Remedy
- ☐ Seizure/Forfeiture
- ☐ Tax
  - ☐ Tax Appraisal
  - ☐ Tax Delinquency
  - ☐ Tax Land Bank
  - ☐ Tax Personal
  - ☐ Tax Real
- ☐ Workers Comp
- ☐ Other

**ADDITIONAL SUB-TOPICS**

- ☐ Attachment
- ☐ Bill of Discovery
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Receiver
- ☐ Sequestration
- ☐ Severance
- ☑ TRO/Injunction
- ☐ Turnover

**DISCOVERY LEVEL** ☐ Level 1 ☑ Level 2 ☐ Level 3

Local Rule 1.08 Certification (Must be completed and signed)

This case is not subject to transfer pursuant to Local Rule 1.07, or
This case is related to another case filed or disposed of in Dallas County:

Court: __________ Style: ______________________ Case No. __________

[signature]
Attorney's Signature

EXHIBIT C-1

cit-tro not atty

CAUSE NO. 09-09688

FILED
2009 AUG -3 PM 1:00
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, As Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1,** | § | |
| | § | |
| **Defendant.** | § | **68th JUDICIAL DISTRICT** |

**PLAINTIFFS ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**COMES NOW**, Spencer W. Alpert, Plaintiff and files this his Original Petition and Application for Temporary Restraining Order, complaining of Defendant, JPMorgan Chase Bank, NA as servicer for Deutsche Bank National Trust Company, as Trustee for Long Breach Mortgage Loan Trust 2005-WL1, and in support thereof would show the Court the following:

## I.
## DISCOVERY TRACK

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure.

## II.
## PARTIES

Plaintiff, Spencer W. Alpert is an individual resident of the State of Texas. Defendant, Deutsche Bank National Trust Company, as Trustee for Long Breach Mortgage Loan Trust 2005-WL1 may be served with process by serving JPMorgan Chase Bank, National Association is a National Association who may be served with process by serving its Registered Agent, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201-4240.

cit-tro not atty



EXHIBIT C-2

## III.
## VENUE

The cause of action is maintainable in Dallas County, because this matter involves real property located in Dallas County, Texas.

## IV.
## FACTS

On or about March 31, 2005, Plaintiff refinanced the single family residence located at 6400 Lumley Road, Mesquite, Texas 75081 ("the Property"). The lender was Long Beach Mortgage Company which is a subsidiary of Washington Mutual. As indicated in Exhibit "A" attached to the Affidavit of Spencer Alpert is a true and correct copy of the January 30, 2009 monthly statement. Washington Mutual maintained the servicing of the loan through the first quarter of 2009. Plaintiff, Spencer Alpert was the sole maker of the loan with Defendant. Although the loan was set-up for Defendant to escrow funds to pay taxes and insurance, in 2007, Defendant failed to pay in a timely manner the 2006 Real Property Taxes. Consequently, Plaintiff was damaged by having to make the tax payment directly. The payment included penalties and interest assessed by the local taxing authorities due to the delinquency. Plaintiff paid the taxes, penalty and interest directly to prevent further accrual of penalty and interest. Plaintiff was able to get Defendant to reimburse the taxes, but Defendant has failed and refused to reimburse the penalty and interest that were incurred as a result of their own breach of contract or negligence in handling the processing of the escrow account.

As set forth in the attached affidavit of Spencer Alpert, in the latter part of 2008, Plaintiff encountered financial difficulties and fell behind on the monthly payments on the note. On January 14, 2009, Plaintiff contacted Defendant about working out an arrangement regarding the disposition of the Property. Relying initially on information on Washington Mutual's web-site regarding options for delinquent loans, Plaintiff started pursuit of a deed-in-lieu of foreclosure or pre-sale

(short sale) of the Property which were some of Defendant's remedy options on delinquent accounts. Exhibit "B" attached to Alpert's Affidavit is a true and correct copy of the Defendant's web-site identifying the various options, including pre-foreclosure sale and deeds-in-lieu of foreclosure that Plaintiff referred to at the initiation of his efforts to work with Defendant. [1]

As further stated in the affidavit of Spencer Alpert, in the course of discussions with Defendant regarding the pre-foreclosure sale and deed-in-lieu of foreclosure options, Plaintiff expressed his need to protect his credit rating. Defendant presented to Plaintiff the conditions to proceeding with a short sale or deed-in-lieu of foreclosure options and the preservation of his credit rating. The first condition was that the house would have to be formally marketed with a licensed real estate agent for a period of ninety (90) days. Second, the real property taxes and insurance would have to be kept current. The third condition was that the January 2009 loan payment had to be made. The fourth condition was that Plaintiff would need to continue to maintain the utility services at the Property and keep it in broom clean condition. Plaintiff met the initial condition by retaining Campagna and Associates to market the Property. Anthony Campagna was the listing agent. Plaintiff met the second condition as the 2008 property taxes were timely paid. Exhibit "C" attached to the affidavit of Spencer Alpert is a true and correct copy of the status report from the Dallas Central Appraisal District web-site reflecting the status of the account for 2008 Real Property Taxes. Plaintiff also paid the January payment and incurred the cost of maintaining the utility services on the property and the maintenance and upkeep expenses.

After satisfying all of the conditions, Plaintiff called Defendant on April 7th or 8th, 2009 to complete the process for a deed-in-lieu of foreclosure. At that time Defendant told Mr. Alpert that the loan had been assigned for a foreclosure sale to take place in May 2009 and that the Defendant

---

[1] It is public knowledge that since January, 2009 Chase Bank acquired Washington Mutual. Although the name appears on the Exhibit "B" as Chase this is the same or substantially similar document that Plaintiff reviewed in January, 2009.

would no longer consider the deed-in-lieu of foreclosure option since a foreclosure sale was pending. This was the first time that the Defendant indicated that the alternate disposition options would not be possible if a foreclosure sale was scheduled. Without notice of this additional condition, Alpert had no opportunity to make sure his other efforts were not wasted.

In May, Mr. Alpert and Defendant reached an agreement to postpone the foreclosure to allow Mr. Alpert an opportunity to pursue alternate programs for disposition of the Loan. In mid- May, Mr. Alpert submitted the required paper for a short sale or deed-in-lieu. In early June Plaintiff follow-up to determine the status. In mid-June Plaintiff was advised that the application was missing information. After supplying more information, Plaintiff did not receive any more information from Defendant regarding the status, so he had a telephone conversation with the Defendant's attorney on or about July 8, 2009.Mr. Wolfshohl supplied what he said was a "direct line" to the WAMU department that would tell if Plaintiff were eligible. Plaintiff called the phone number supplied to on approximately July 9, 2009 and spoke with Monique (last name not given). After checking the file, Monique told Plaintiff that he was eligible to apply for a deed in lieu and the foreclosure sale process would stop pending the review process. She offered to send a list of what would be required for the application. Plaintiff asked if she would tell him what was critical, which she did. She also gave Plaintiff a fax number to use. Plaintiff got off the call believing that the foreclosure sale scheduled for August 4 would be stopped pursuant to the conversation and that WAMU would be processing the application for a deed in lieu once submitted. on an expedited basis and supplying more than what was asked for, in order to show good faith.

Plaintiff faxed the materials to the fax number Monique specified on or about July 17, 1009. On or about July 19, 2009, he called back to the same phone number supplied by Mr. Wolfshohl to confirm that the materials had been received and to inquire as to whether any additional materials were needed to process the application. This time Plaintiff spoke with Leanne (last name not given).

He was surprised to learn from Leanne that (1) the foreclosure sale scheduled for August 4, 2009 was still on, and (2) according to Leanne, Monique had given him the wrong fax number. Leanne also indicated he was talking to the wrong department (though this was the same number that had been given to him and Monique had indicated that it was the right department when she told him the sale would be held up pending their receiving and reviewing my submitted information. Plaintiff requested and was provided the correct fax number. Leanne also helped transfer Plaintiff to the correct department, where they could further discuss the process. Leanne transferred Plaintiff to a Dwayne (last name not given). Following those discussions, Plaintiff re-faxed the information to the "corrected" fax number on or about July 21, 2009. This occurred at a branch of Chase bank where the information was being faxed free as a courtesy per bank instructions.

About that same time, Plaintiff received a letter from Defendant with accompanying materials for submittal with his name and social security number and property address already preprinted. See Exhibit "D" attached to the Affidavit if Spencer Alpert. The information and submittal process discussed in the letter is consistent with what Monique had told Plaintiff originally. Because Mr. Alpert had sent the information via fax three times to two different numbers, he called Defendants' attorney, who had previously said to call him back if he did not receive satisfactory service. Plaintiff explained to Defendants' attorney what had occurred. The attorney said he would try to help get to the bottom of things, but as of late Friday, June 31, 2009 he had not received a reply. He did say he could see a note in the file that Plaintiffs' paperwork was being reviewed.

In reliance on Defendant's representations, Plaintiff undertook the significant financial and burdens and time commitments demanded by Defendant, to his own detriment and to the financial benefit of Defendant. Plaintiff undertook these actions relying on the representation by Defendant that they would work with him to dispose of the Property and to preserve his credit rating.

Defendant's misrepresentations have led to Plaintiff's financial detriment and will lead to irreparable harm if Defendant is not prevented from acting in a manner different than represented to Plaintiff.

V.

**ACTIONS ON THE CONTRACT**

Plaintiffs incorporate by reference all of the foregoing paragraph as though set forth in full herein.

Defendant's actions constitute a breach of contract by failing to properly handle the escrow account. As a result of Defendant was first to breach the contract, Plaintiff has been damaged in an amount to be determined at trial.

VI.

**NEGLIGENT MISREPRESENTATION/OMISSION OF MATERIAL FACTS**

Plaintiff incorporates by reference all of the foregoing paragraph as though set forth in full herein.

By its actions Defendant either negligently or fraudulently misrepresented to Plaintiff the conditions under which a pre-foreclosure sale/short sale or a deed in lieu of foreclosure could occur with little or no damage to Plaintiff's credit rating. As a result of these misrepresentations, Plaintiff reasonably relied to his detriment and has incurred financial damages and will incur irreparable harm if Defendants is not precluded from proceeding with the foreclosure and not required to carry through with the terms presented to Plaintiff.

VII.

**PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF**

Plaintiff incorporates by reference all of the foregoing paragraph as though set forth in full herein.

Because Plaintiff attempted in good faith to satisfy the conditions established by Defendant for a pre-foreclosure sale/short sale or a deed-in-lieu of foreclosure, it would be unconscionable and

against public policy to allow Defendant to proceed with foreclosure and thereby reap the benefits in the form of the payments and costs incurred by Plaintiff.

## VIII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff incorporates by reference all of the foregoing paragraph as though set forth in full herein.

Plaintiff's application for a temporary restraining order is authorized by Texas Civil Practice and Remedies Code section 65.011. The purpose of a temporary restraining order is to preserve the status quo of the subject matter of the litigation until a hearing can be held on an application for temporary injunction. *Cannan v. Green Oaks Apts, Ltd.*, 758 S.W.2d 753, 755 (Tex. 1988).

In that the Plaintiff is entitled to all or part of the relief requested, justice requires the restraint of Defendant's foreclosure action which otherwise would be prejudicial to Plaintiff. In addition, the Defendant's act of foreclosing on the property in violation of the rights of the Plaintiff would tend to render a judgment in litigation ineffectual. Moreover, Plaintiff is entitled to an injunction under the principles of equity and the statutes relating to injunctions. Further, irreparable injury to real property is threatened irrespective of any remedy at law.

Plaintiff asks the court to prevent Defendant from foreclosing on the property pending a hearing for temporary injunction, engaging the contractually required mediation process and the ultimate trial on the merits. It is probable that Plaintiff will recover from Defendant after a trial on the merits because he is entitled to the benefit of the bargain through the recovery of breach of contract damages and the prosecution of his defenses, including, but not limited to the fact that the Defendant were the first to breach . In addition, Plaintiff has been damaged by Defendant's negligent or misrepresentations or misrepresentation by omission of material facts.

If Plaintiff's application is not granted harm is imminent and irreparable because Plaintiff will be denied his contractual rights of ownership, use and enjoyment of unique real property, denied the opportunity to assert legal rights and causes of action, and denied the right to preserve any legal or equitable interests in the real property.

Plaintiff has no adequate remedy at law because, among other things, Defendant has not followed the prerequisites for foreclosure, Plaintiff is seeking to prevent a cloud from being cast on his reputation and Defendant are being unjustly enriched. Plaintiff is seeking to prevent irreparable injury to real property and his contractual rights.

There may not be adequate time to serve notice on Defendant and to hold a hearing on this application because this matter was forwarded on April 26, 2009 to the undersigned counsel by Applicants. All necessary papers and documentation regarding this transaction were provided on April 27, 2009. The undersigned will attempt to notify Defendants' counsel of this petition and application for temporary restraining order.

**X.**
**REQUEST FOR PERMANENT INJUNCTION**

Plaintiff asks the court to set his request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant.

**XI.**
**JURY DEMAND**

Plaintiff demands a jury trial and tender the appropriate fee with this petition.

**XII.**
**CONDITIONS PRECEDENT**

All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XIII.
## PRAYER

For these reasons, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendant for the following:

a. Temporary restraining order.

b. Temporary injunction.

c. Permanent injunction.

d. Actual damages.

e. Pre-judgment and post-judgment interest

f. Court costs.

g. All other relief to which plaintiff is entitled.

Respectfully submitted,

WRIGHT GINSBERG BRUSILOW P.C.

By: [signature]
David B. Koch
State Bar No. 11643850
14755 Preston Road, Suite 600
Dallas, Texas 75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy

ATTORNEYS FOR PLAINTIFF

I:\8900s\8991\Litigation\P\Application for TRO.wpd



CAUSE NO. ____________

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WASHINGTON MUTUAL and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1,** | § § § § § § § § | |
| **Defendants.** | § | **______ JUDICIAL DISTRICT** |

**AFFIDAVIT OF SPENCER W. ALPERT**

| | | |
|---|---|---|
| **STATE OF WASHINGTON** | § | |
| | § | |
| **COUNTY OF KING** | § | |

**BEFORE ME,** the undersigned Notary Public, on this day personally appeared Spencer W. Alpert, who being by me duly sworn upon his oath deposed and said:

1. "My name is Spencer W. Alpert. I am the Plaintiff in the above styled lawsuit, being filed in the District Court, Dallas County, Texas, and to which this affidavit is attached. I have personal knowledge of the matters stated herein because I was directly involved in the events and discussions as well as the handling of the transactions regarding the residential real property at issue in the lawsuit. The matters stated herein are true and correct.

2. On March 31, 2005, I refinanced the debt on the single family residence located at 6400 Lumley Road, Mesquite, Texas 75081 ("the Property"). The loan was from Long Beach Mortgage Company which is a subsidiary of Washington Mutual. I was the sole maker of the loan. Alice Alpert was not a maker of the loan, but did sign the deed of trust at the title company's request. As reflected in Exhibit "A" attached hereto, Washington Mutual maintained the servicing of the loan through the beginning of 2009. Although the loan was set-up with an escrow account to pay real property taxes and insurance, in 2007, Defendants failed to pay in a timely manner the 2006 real property taxes. Consequently, I was damaged in the form of penalties and interest assessed by the local taxing authorities. In April 2007 I paid the taxes, penalty and interest directly to prevent further accrual of penalty and interest. I was able to get Defendants to reimburse the taxes I paid, but Defendants have failed and refused reimburse the penalty and interest that were incurred as a result of Defendants' own breach of contract or negligence in handling of the payment from

the escrow account even after I made numerous requests and I hired an independent tax consultant.

3. In the latter part of 2008, I encountered financial difficulties and fell behind on the monthly payments on the loan. On January 14, 2009, I spoke with Defendants about working out an arrangement regarding the disposition of the Property. Relying initially on information on Washington Mutual's web-site regarding options for delinquent loans, I initiated the process for a deed in lieu of foreclosure or a pre-sale (short sale) of the Property. Exhibit "B" attached to Plaintiff's Original Petition is a true and correct copy of the Defendants, web-site identifying the various options, including pre-foreclosure sale and deeds in lieu of foreclosure. It is common, public knowledge that Chase Bank acquired a floundering Washington Mutual in February 2009. Although the name that appears on Exhibit "B" is Chase Bank, this print out from the current Bank website is the same as, or substantially similar in material respects to, the Washington Mutual webs page that I worked from the initiate the process.

4. In the course of my discussions with Defendants regarding the pre-foreclosure sale and deed in lieu of foreclosure options, I expressed my need to protect my credit rating to the fullest extent. Defendants presented to me the conditions for a short sale or deed in lieu of foreclosure and the preservation of my credit rating. The first condition was that the house would have to be marketed by a licensed real estate agent for a period of ninety (90) days. Second, the real property taxes and insurance would have to be kept current. Third, the January loan payment had to be paid. Fourth, I would need to continue to maintain the utility services at the Property and keep it in broom clean condition. I satisfied the first condition by hiring Campagna and Associates to market the Property. Anthony Campagna was the listing agent. I met the second condition as the 2008 property taxes were timely paid. Exhibit "C" attached to Plaintiff's Original Petition is a true and correct copy of the status report from the Dallas Central Appraisal District web-site reflecting the status of the account for 2008 Real Property Taxes. In addition, I made the January payment of $2,097.29 as required. To meet the fourth condition, I incurred the cost of maintaining the utility services on the property and the cost of maintenance and upkeep.

5. After satisfying all of the conditions, I called Defendants on April 7th or 8th, 2009 to complete the process for a deed-in-lieu of foreclosure. At that time I was told that the loan had been assigned for a foreclosure sale to take place in May 2009 and that the Defendants would no longer consider the deed-in-lieu of foreclosure option since a foreclosure sale was pending. This was the first time that the Defendants indicated that the alternate disposition options would not be possible if a foreclosure sale was scheduled. Without notice of this additional condition, I had no opportunity to make sure my other efforts were not wasted. The parties did reach a Rule 11 Agreement regarding postponing the foreclosure in May to allow me time to pursue alternate remedies. In mid-May I submitted the requested paperwork. I followed up periodically directly through my attorney. In early June we were advised that the paperwork was being processed and considered in mid-June.

6. When I followed up in mid-June I was advised that the paperwork was incomplete. So I submitted additional paperwork. Because of my financial condition I took over most of the activities of contacting the bank and its attorney. After I could not get a definitive answer regarding the paperwork I submitted in June, I called the bank's attorney, Keith Wolfshohl on approximately July 8, 2009 to discuss a deed in lieu and or a postponement to give time to complete the process. Mr. Wolfshohl told me he was not authorized to provide either, but he supplied me with what he said was a "direct line" to the WAMU department that would tell me if I were eligible. I called the phone number supplied to me by Mr. Wolfshohl on approximately July 9, 2009 and spoke with Monique (last name not given). After checking the file, Monique told me I was eligible to apply for a deed in lieu and the foreclosure sale process would stop pending the review process. She offered to send me a list of what would be required for the application. I asked if she would tell me on the phone what was critical, which she did. We discussed some of the items, for example, the request for pay stubs, which I do not have being self employed. She told me to include that information in the "hardship letter" which was another requirement. She also asked me to send last month's bank statement and other financial information, and she specifically emphasized a particular IRS form that would allow them to obtain tax returns. I told her I would do better than that, I would send them my 2008 tax return since I had it on hand. She said that wasn't required, but that it would help. I told her I would prepare and gather the other information, and she gave me a fax number to send it to. I got off the call believing that the foreclosure sale scheduled for August 4 would be stopped pursuant to our conversation and WAMU would be processing the application for a deed in lieu once I submitted the requested materials. From my side, I felt I was proceeding on an expedited basis and supplying more than what was asked for, in order to show good faith.

7. I faxed the materials to the fax number Monique specified on or about July 17, 1009. On or about July 19, 2009, I called back to the same phone number Mr. Wolfshohl had supplied to check to ensure the materials had all been received and to inquire as to whether there were any additional materials the bank required to process my application. This time I spoke with Leanne (last name not given). I was surprised to learn from Leanne that (1) the foreclosure sale scheduled for August 4, 2009 was still on, and (2) according to Leanne, Monique had given me the wrong fax number. Leanne also told me I was talking to the wrong department (though this was the same number that had been given to me and Monique had indicated that it was the right department when she told me the sale would be held up pending their receiving and reviewing my submitted information. I asked Leanne for the correct fax number, which she gave me, and she also offered to transfer me to the correct department, where they could further discuss the process (again, Leanne was telling me all this, but also that she was not the right contact person). Leanne did suggest writing on the cover of the revised fax "foreclosure scheduled for August 4, 2009 to alert the recipient department since apparently it takes them a couple of days to receive the information and there was obviously a time urgency at this point. Leanne introduced me to a gentleman names Dwayne (last name not given). I re-faxed the information to the "corrected" fax number on or about July 21, 2009. This occurred at a branch

of Chase bank where the information was being faxed free as a courtesy per bank instructions.

8. Subsequently, I received a letter from WAMU with accompanying materials for submittal with my name and social security number and property address already preprinted. See Exhibit "D" attached hereto. This is consistent with what Monique had told me originally. Accordingly, since I had sent the fax three times to two different numbers, I called Mr. Wolfshohl, who had said to call him back if I did not receive satisfactory service.

9. I explained to Mr. Wolfshohl what had occurred and he said he would try to get to the bottom of things, starting with trying to locate Monique. I told him Leanne confirmed that I had spoken with Monique so she must be identified somewhere in the files, but subsequently Mr. Wolfshohl was unable to locate her. He did say he would send inquires to one or more bank officials seeking authorization to postpone the sale on account of the circumstances, but as of late Friday, June 31, 2009 he had not received a reply. He did say he could see a note in the file that my paperwork was being reviewed.

10. In reliance on Defendants' representations, I undertook the significant financial and burdens and time commitments demanded by Defendants, to my own detriment and to the financial benefit of Defendants. I undertook these actions relying on the representation from Defendants that they would work with me to preserve my credit rating.

Further Affiant sayeth not."

Spencer W. Alpert

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 3rd day of August, 2009.

Notary Public in and for the State of Washington

I:\8900s\8991\Litigation\P\Affidavit of Spencer Alpert.wpd

Notary Public
State of Washington
KAREN A UNSETH
My Appointment Expires Apr 21, 2012

WaMu

# Home Loan Statement January 2009

HOME LOAN STATEMENT JANUARY 2009

1-2

Customer Service: Toll free 1.866.926.8937 TDD: Dial 7-1-1 for relay
For a refinance or purchase loan, call 1.888.708.4696
Mon - Thu 6:00 am - 9:00 pm, Fri 6:00 am - 6:00 pm
Sat 7:00 am - 1:00 pm PST

#BWNCLNN
#2906679206941199#
20090202 B 1-2
SPENCER W ALPERT
7130 ALEXANDER DR
DALLAS TX 75214-3213

10022431

| | |
|---|---|
| Statement Date: | January 30, 2009 |
| Activity Since: | November 18, 2008 |
| Your Loan Number: | 0667206411 |

## Your Property and Loan Information

| | | |
|---|---|---|
| Property Address: | | 6400 LUMLEY RD MESQUITE TX 75181 |
| Principal Balance: | $ | 211,819.25 |
| Interest Rate: | | 8.05000% |
| Escrow Balance: | $ | 170.58 |

## Your Next Payment

| | | |
|---|---|---|
| Next Payment Due: | | February 01, 2009 |
| Principal and Interest: | $ | 1,615.03 |
| Escrow: | $ | 482.26 |
| Current Payment: | $ | 2,097.29 |
| Plus | | |
| Past Due Payment(s): | $ | 4,194.58 |
| Unpaid Late Charges: | $ | 290.70 |
| Other Fees: | $ | 210.85 |
| Total Amount Due :* | $ | 6,793.42 |

## Other Important Messages

We are a debt collector. This communication is an attempt to collect a debt, and any information obtained will be used for that purpose.

## Year to Date Account Activity

| | | |
|---|---|---|
| Principal Paid: | $ | 192.78 |
| Interest Paid: | $ | 1,422.25 |
| Property Taxes Paid: | $ | 0.00 |
| Insurance Paid: | $ | 0.00 |

## Important Messages

* To avoid a late charge of $96.90, we must receive your payment of principal, interest, and any escrow deposits and/or past-due payments by 02/16/09 during our business hours. If this date falls on a weekend or holiday, your payment must be received by the next business day.

Please see the reverse side for Recent Account Activity.

Washington Mutual Bank 156-B



10022431

7760 0002 J6G 001 07 0 020902 PAGE 1 of 2 COLD056B

WaMu 156-B

SPENCER W ALPERT

| | |
|---|---|
| Loan Number: | 0667206411 |
| Statement Date: | January 30, 2009 |

Please write your loan number on your check.
Make check payable to Washington Mutual.

☐ Please check here if change of address or telephone number is indicated on the reverse side of this form.

Please allow 7-10 days for postal delivery.

| | | |
|---|---|---|
| Payment Due Date: | | February 01, 2009 |
| Current Payment: | $ | 2,097.29 |
| Total Amount Due: | $ | 6,793.42 |
| If Received After: | | February 16, 2009 |
| Total Amount Plus Late Charges: | $ | 6,890.32 |

| | | |
|---|---|---|
| Late Charges | + | |
| Additional Principal | + | |
| Additional Escrow | + | |
| Future Payments | + | |
| Total Amount Enclosed | = | |

WASHINGTON MUTUAL
PO BOX 78148
PHOENIX AZ 85062-8148

EXHIBIT "A"

tabbies.

0000000 0000000 0000000 0667206411 0679342 0009690 0209729 5

Loan Number 0667206411

## Anticipated Escrow Account Payments

This section reflects the escrow activity that is expected to occur in the next 12 months. The "Total Tax and Insurance Monthly Payment Amount" at the bottom of this chart is your new monthly escrow deposit, as listed on page 1 of this statement.

| TAX | | | INSURANCE | | |
|---|---|---|---|---|---|
| Item | Annual Expense | Anticipated Date(s) of Payment | Item | Annual Expense | Anticipated Date(s) of Payment |
| COUNTY TAX | $ 980.11 | December 09 | FIRE/HOMEOWN | $ 1,650.00 | June 09 |
| CITY/SCHOOL | $ 3,468.61 | December 09 | | | |
| TOTAL TAX AND INSURANCE MONTHLY PAYMENT AMOUNT = $ 508.23 | | | | | |







Homeownership C...

Resource center home > Know your options

- Home
- Know your options
- Steps to take
- What to expect
- Where to find us
- Contact us

**You do have options.**
We're ready to help – right now.

## Know your options

No matter what your individual situation is, you may have multiple options. Whether your want to stay in your home or sell it, we may be able to help.

**You do have options**
Here's a quick look at several of the options available. We'll work with you individually to see which might work for you.

**Repayment Plan**: if you've experienced a temporary reduction in income or financial hardship, but are getting your finances back in order, this option lets you pay off the delinquency over a period of time by making your monthly payment plus a portion of the delinquent amount, each month.

**Loan Modification**: Chase has recently enhanced and expanded its Modification Programs to include a wide array of hardship situations like layoffs, job loss or short-term income reductions, and permanent hardships like death of a spouse, disability, divorce, or severe medical situations. With these newly expanded and enhanced programs, we may be able to modify or change the term of your loan, the interest rate, and in some cases, principal balance, to reduce the monthly payment to an amount you can afford.

**Short Refinance**: other residential lenders in your area may be able to help you obtain a third-party loan to payoff your loan with us for less than the full amount owed and give you a fresh start.

**Partial Claims-for FHA Loans Only**: Chase may be able to work with you to obtain a one-time payment from the FHA Insurance fund to bring your mortgage current.

**Pre-Foreclosure Sale**: if you believe that you will continue to have trouble paying your mortgage, selling your property now may be your best choice. If so, Chase may accept less than the amount we are owed. Plus, you can control the timing and terms under which you move.

**Deed-in-lieu of Foreclosure**: essentially a transfer of property to the lender for possible forgiveness of the entire debt. The advantages are that Chase may waive any amount you still owe if the property is subsequently sold for a loss, and you avoid having a completed foreclosure in your credit history. Although, a deed in lieu may be noted on your credit bureau record.

**Related Links**

- Details on President Ob... Housing Plan and expa... options to help homeow...

**Let us help.**
**Call 866-550-57...**
M-F 8 am - 11 p...
Sat 8 am - 8 pr...
Sun 9 am - 5 pr...

Find a center near yo...
Select a location
View

**Protect yourself.**

**Foreclosure Scams** - Deals that seem too good to be true almost always are. Foreclosure scams promise to solve your financial problems with little cost or effort, but they may have a big

EXHIBIT
tabbies
"B"

cost in the end. Be very cautious in dealing with any third party who brings you a too-good-to-be-true offer - especially if they want to charge you a fee.

**Remember:** Call us first. As your mortgage provider, we have a vested interested in finding a solution and we offer real options for resolving your home loan issues.

**Beware of these typical scams:**

- You surrender the title to your house to the scammer, who promises to let you rent the house and buy it back later.
- You think you're signing documents to bring your home loan current, but you're really signing away the title to your home, leaving you with a mortgage, but no home.
- You think you're getting a loan to bring your loan current and pay the past due amount, but you're really selling your home for that amount. The scammer quickly sells it for a large profit, leaving you with a mortgage, but no home.
- You pay the scammer a fee to take care of everything for you, but they don't.

JPMorgan Chase Bank, N.A.
Equal Housing Lender

Chase.com | Privacy Policy | Security | Accessibility | Terms of Use | Legal Agre

This site is directed at, and made available to, persons in the United States of America. All mortgage loans offered through JPMorgan Chase Bank, N. products are subject to credit and property approval. Rates, program terms and conditions are subject to change without notice. Not all products are a all states or for all amounts. Other restrictions and limitations apply.

**Chase is attempting to collect a debt, and any information obtained will be used for that purpose.**

© 2009 JPMorgan Chase & Co.




Today is Tuesday, April 28, 2(



## Property Tax Balance

All tax information refers to the 2008 Tax Year, unless otherwise noted, i.e. "Prior Year Amount Due". Amounts due include penalty, interest, and collection fees if applicable.

**Account Number:** 38091500010020100

**Address:**
ALPERT SPENCER W
6400 LUMLEY RD
MESQUITE, TX 75181-3622

**Property Site Address:**
6400 LUMLEY, CM

**Legal Description:**
C C FREEMAN 2
BLK A LT 2.1 ACS 0.4009
VOL2001083/1362 DD04172001 CO-DC
0915000100200 1CM09150001

**Current Tax Levy:** $980.11

**Current Amount Due:** $0.00

**Prior Year Amount Due:** $0.00

**Total Amount Due:** $0.00

**Last Payment Amount for Current Year Taxes:**
$980.11

**Last Payer for Current Year Taxes:**
ALPERT SPENCER W

**Last Payment Date for Current Year Taxes:**
12/24/2008

**Market Value:** $170,030

**Land Value:** $12,500

**Improvement Value:** $157,530

**Capped Value:** $0

**Agricultural Value:** $0

**Exemptions:** None

Taxes Due Detail by Year and Jurisdiction

Payment Information

Current Tax Statement

Duplicate Receipt

Account History Report

Payment History Report by Year

Payment History Report

Payment History Report (current year only)



**WaMu**

P.O. Box 44016 JAXA2000
Jacksonville, FL 32231-4016

07/17/2009

SPENCER ALPERT
10218 RICHWOOD AVE NW
SEATTLE WA 98177

Having a hard time making payments?

Let our Homeownership Preservation Program help.

Dear Borrower(s),

RE: Loan #: 0667206411

Thank you for contacting us. It can sometimes be a struggle to make your home loan payments, but you're not alone - at WaMu, we're here to help.

Options are available. We have special programs for people whose difficulties are related to job loss, illness, death of a loved one, divorce, or other hardships. To find out if you are eligible, send us a completed Borrower Assistance Form right away - it's enclosed.

Please mail the completed form and the requested information to: WaMu Homeownership Preservation, P. O. Box 44016, Jacksonville, FL 32256. Or, you can fax it to: 904-886-1328. Depending on your financial situation, we may be able to change your home loan terms to help get you back on track. The sooner we discuss it, the better choices WaMu will be able to offer you. However, not everyone can afford to stay in their home, and there are options to avoid foreclosure, including:

* Short Sale. Depending on your situation, selling your home may be the best option. If you owe more than your home is currently worth, we may be able to accommodate a "short sale", where you pay most of the home loan amount.

* Deed-in-Lieu of Foreclosure. With a "deed-in-lieu", you voluntarily transfer ownership of your home to your lender. If you do not have any other loans, liens, or judgments against your house, you would probably qualify for a deed-in-lieu as a last resort.

Please keep in mind that any collection or foreclosure activity already in progress does not stop when you receive this letter, but it may be suspended if we approve a workout plan. We want to help you. Send in your completed form and requested materials so we can. If you are unable to provide the requested information or you have questions, call us toll-free at 1-866-WAMU-YES (1-866-926-8937). We're here for you Monday through Friday, 5 a.m. to 6 p.m. Pacific time. For faster service, have the loan number at the top of this letter handy when you call.

Homeownership Preservation Team
WaMu
ww.wamu.com/wamucares

EXHIBIT
tabbies
"D"

Enclosure(s)

We are a debt collector.

CAUSE NO. ____________

| | | |
|---|---|---|
| SPENCER W. ALPERT, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WASHINGTON MUTUAL and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## AFFIDAVIT OF ANTHONY CAMPAGNA

STATE OF TEXAS §
§
COUNTY OF DALLAS §

**BEFORE ME**, the undersigned Notary Public, on this day personally appeared Anthony Campagna, who being by me duly sworn upon his oath deposed and said:

1. "My name is Anthony Campagna. I am over the age of eighteen (18) years, and my business address is 726 Paulus Ave., Dallas, Texas 75214. I have never been convicted of a felony, and I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein and they are all true and correct. I am the owner of Campagna and Associates Realtors. Campagna and Associates is a residential real estate company that has been in business since 1979 in Dallas, Texas and provides residential sales, leasing and property management services.

2. In late December, 2008 or early January, 2009 Spencer Alpert hired my company Campagna and Associates to market the property located at 6400 Lumley Road, Mesquite, Texas 75081 ("the Property") for sale. Upon executing the listing agreement we proceeded to list the property for sale from January, 2009 forward. During that time period I listed the property in the Multiple Listing Services, showed the property to prospective buyers and continued to maintain the property on behalf of Mr. Alpert. Mr. Alpert indicated that he needed me to undertake these actions because the lender would allow a deed-in-lieu of foreclosure or a short sale if the property was formally marketed and maintained for a specified period of time. Understanding the financial difficulties that many owners are incurring in these difficult times I agreed to assist Mr. Alpert in these endeavors.

Further Affiant sayeth not."

Anthony Campagna

**SUBSCRIBED AND SWORN TO BEFORE ME** on this 30th day of April, 2009.




Notary Public in and for the State of Texas

I:\8900s\8991\Litigation\P\Affidavit of Campagna.wpd

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**To:**
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**
**AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY**
**AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**350 N SAINT PAUL ST**
**DALLAS, TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **SPENCER W ALPERT**

Filed in said Court **3rd day of August, 2009** against

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1**

For suit, said suit being numbered **DC-09-09688**, the nature of which demand is as follows:
Suit On OTHER (CIVIL) etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **3rd day of August, 2009**
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas
By________________________, Deputy
**JO ANN GARDNER**

**ATTY**

## CITATION

No.: **DC-09-09688**

**SPENCER ALPERT**
**vs.**
**JPMORGAN CHASE BANK NATIONAL ASSOCIATION**

ISSUED
**on this the 3rd day of August, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **JO ANN GARDNER,** Deputy

Attorney for Plaintiff

**DAVID BRUCE KOCH**
**14755 PRESTON ROAD**
**SUITE 600**
**DALLAS, TX 75254**
**972/788-1600**

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

EXHIBIT
C-3
Blumberg No. 5118



## OFFICER'S RETURN

Came to hand on the 3rd day of August, 2009, at 4:00 o'clock P.M. Executed at 350 North St. Paul, within the County of Dallas at 4:20 o'clock P.M. on the 3rd day of August, 2009, by delivering to the within named

J.P. Morgan Chase Bank National Association by delivering to its Registered Agent CT Corporation Systems Amber Carruth accepting

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of deliver The distance actually traveled by me in serving such process was ______ miles and my fees are as follows: To certify which witness my hand.

For serving Citation $______
For mileage $ 70.-
For Notary $______

Melodie J. Geffen
of Dallas County, Texas
By [signature] ~~Deputy~~ SCH 4052

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said Melodie J. Geffen before me this 3 day of August, 2009, to certify which witness my hand and seal of office.

NOTARY PUBLIC STATE OF TEXAS
ARTHUR HAROLD GEFFEN
My Commission Expires
October 19, 2012

[signature]
Notary Public ______ County ______

FILED
2009 AUG -4 AM 11:02

448C

00095

CAUSE NO. 09-09688 ORIGINAL

| | | |
|---|---|---|
| SPENCER W. ALPERT, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WASHINGTON MUTUAL, and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1, | § | |
| | § | |
| Defendants. | § | 68th-C JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

Spencer W. Alpert, Plaintiff in this cause, have filed a verified application for an injunction and in connection therewith, has presented a request for a temporary restraining order as set forth in the application. It appears from the facts and evidence set forth in the petition and supporting affidavit, that Defendants JPMorgan Chase Bank, National Association, and Deutsche Bank National Trust Company, as Trustee for Long Breach Mortgage Loan Trust 2005-WL1 has set a non-judicial foreclosure for real property described as follows: Being part of Lot 2, in Block A, of C.C. FREEMAN ADDITION, an Addition to the City of Mesquite, Dallas County, Texas, according to the Map thereof recorded in Volume 70241, Page 6, of the Map Records of Dallas County, Texas ("Property") via a Trustee Sale on Tuesday, August 4, 2009 without having given proper and timely notice required by Texas Property Code Section 51.002. It also appears from the facts and evidence set forth in the Petition that there are numerous, material irregularities and misrepresentations in the conduct of Defendants that lead Plaintiff to rely to his detriment and damage and that the Plaintiff is likely to prevail on claims against Defendants relating breach of contract,



EXHIBIT C-4

misrepresentation and equitable relief. It further appears from the facts and evidence set forth in the Petition that unless Defendants, are immediately restrained from pursuing foreclosure on the Property said foreclosure to take place on August 4, 2009 in Dallas County, Texas, Defendant will commit the foregoing act before notice can be given and a hearing is had on Plaintiff's motion for a temporary injunction; and that if the commission of is act is not restrained immediately, Plaintiff will suffer irreparable injury in the form of an invalid non-judicial foreclosure that will divest Plaintiff of title to the real property, deprive Plaintiff legal rights and remedies against Defendants, and irreparably harm Plaintiff's reputation. There is no adequate remedy at law to the extent a purchaser acquires status as bona fide purchaser, and to the extent Plaintiff is denied legal remedies and is precluded from exercising contractual dispute resolution procedures.

**IT IS, THEREFORE, ORDERED** that Defendants, by and through its Substitute Trustee or Successor Substitute Trustee, be, and hereby is, commanded forthwith to desist and refrain from foreclosure proceedings on the Property scheduled to take place on August 4, 2009 in Dallas County, Texas from the date of entry of this order until and to the fourteenth day after entry or until further order of this Court.

**IT IS FURTHER ORDERED** that the petition of Spencer W. Alpert, Plaintiff, for temporary injunction be heard before the 67K District Court of Dallas, County, Texas, on August 17, 2009 at 2:30p. then and there to show cause, if any there be, why a temporary injunction should not be issued as requested by Plaintiff. The Clerk of the Court is hereby directed to issue a show cause notice to Defendants to appear at the temporary injunction hearing.

The Clerk of the above-entitled Court shall forthwith, on the filing by Plaintiff of the bond hereinafter required, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order.

This order shall not be effective unless and until Plaintiff execute and file with the clerk a

00097

bond, in conformity with the law, in the amount of $2100.00 and 00/00 Dollars ($2,100.00).

**SIGNED** on this 21 day of April, 2009 at 2:20 a.m/p.m.

JUDGE PRESIDING

I:\8900s\8991\Litigation\P\Tempoary RestrainingOrder.wpd

# DALLAS COUNTY DISTRICT CLERK
## REGISTRY DEPOSIT INFORMATION SHEET
## FOR INTERPLEADERS & CASH BONDS

TRO

AMOUNT 2,100.00
CHECK # ______
AMOUNT ______
CHECK # ______
AMOUNT ______
CHECK # ______

CASE # DC 09-09688-C

CASE STYLE Alpert VS. JP Morgan

NAME(S) ______ / ______

TAX ID. OR SOC. SEC. # ______ / ______
(BOTH PARTIES MUST SUPPLY A TAX ID NUMBER IF DEPODIT IS INVESTED)

PLAINTIFF ATTY. David A. Koch
ADDRESS 14755 Preston Rd
Ste 600
Dallas TX 75254
PHONE # ______

DEFENDANT ATTY. ______
ADDRESS ______
PHONE # ______

ARE THESE FUNDS TO EARN INTEREST?* YES ✓ NO ______
(A SIGNATURE MUST ACCOMPANY THIS ANSWER)

[signature]
(SIGNATURE)

TYPES OF INTEREST BEARING ACCOUNTS ALLOWED PER SECTION 117.053 OF THE LOCAL GOVERNMENT CODE: INTERLOCAL INVESTMENT POOLS, LOCAL INTEREST BEARING DEPOSITS THAT ARE FDIC INSURED (CD, MMA'S, SAVINGS ACCOUNTS). UNITED STATES TREASURY BILLS AND NO LOAD MONEY MARKET MUTUAL FUNDS. ALL OF THESE INTEREST BEARING VEHICLES ARE SUBJECT TO THE STRICT GUIDELINES SET FORTH IN SECTION 117.053 OF THE LOCAL GOVERNMENT CODE.

PER RULE 26.1 OF THE APPELLATE PROCEDURE, NO MONIES WILL BE DISBURSED FROM THE REGISTRY ON ANY FINAL JUDGEMENTS UNTIL AFTER A 30 DAY WAITING PERIOD. THIS PERIOD STARTS FROM THE DAY THE FINAL JUDGEMENT WAS SIGNED BY THE JUDGE. *A FEE OF 10% OF THE INTEREST EARNED WILL BE ASSESSED AT THE TIME OF WITHDRAWAL PER SECTION 117.054 OF THE LOCAL GOVERNMENT CODE. A FEE OF 5% NOT TO EXCEED $50.00 DOLLARS WILL BE ASSESSED AT THE TIME OF WITHDRAWAL OF FUNDS DEPOSITED IN THE REGISTRY THAT HAVE NOT EARNED INTEREST AS PER SECTION 117.055 OF THE LOCAL GOVERNMENT CODE. *

IT IS THE RESPONSIBILITY OF THE ATTORNEYS OF RECORD TO SUBMIT A COURT ORDER TO REQUEST A REFUND OF ANY MONIES DEPOSITED IN LIEU OF BOND OR INTERPLEADER ACTIONS AND TIMELY NOTIFY THE TRUST DEPARTMENT OF ANY INVESTMENT OR WITHDRAWAL. IF YOU WIRE TRANSFER FUNDS INTO THE COURT'S REGISTRY, THEN YOU NEED TO FILL OUT A REGISTRY DEPOSIT FORM LOCATED UNDER DOWNLOADABLE FORMS ONLINE UNDER THE DISTRICT CLERK'S WEB SITE www.dallascounty.org/department/districtclerk/districtclerk_index.html AND SUBMIT A COPY TO THE D.C. TRUST OFFICE.

SIGNATURE [signature] DATE 8-3-09

EXHIBIT C-5

REPRI[illegible] RECEIPT

**DALLAS COUNTY C[illegible] CIAL REC[illegible] GARY FITZSIMM[illegible] S, DISTRICT CLERK**

Payor
WRIGHT GINSBERG BRUSILOW PC

Receipt No.
**59151-2009-DCLK**

Transaction Date
08/3/2009

| Description | Amount Paid |
|---|---|
| On Behalf Of ALPERT, SPENCER W | |
| DC-09-09688 | |
| SPENCER ALPERT vs. JPMORGAN CHASE BANK | |
| Bond Account | |
| CASH BOND DEPOSIT (CIVIL) | 2,100.00 |
| **SUBTOTAL** | **2,100.00** |

**PAYMENT TOTAL** **2,100.00**

| | |
|---|---|
| CHECK (Ref #4710) Tendered | 2,100.00 |
| Total Tendered | **2,100.00** |
| Change | 0.00 |

| | | |
|---|---|---|
| 08/03/2009 | Cashier | Audit |
| 03:27 PM | Station DC3 | 53867814 |

**REPRINTED RECEIPT**




**TEMPORARY RESTRAINING ORDER – Form 322**

# THE STATE OF TEXAS

TO **JPMORGAN CHASE BANK NATIONAL ASSOCIATION, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1**

WHEREAS, in a certain suit pending in the District Court of the **68th District Court** of Texas, wherein **SPENCER W ALPERT** Plaintiff (s) and **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1** Defendant (s), and the said **SPENCER W ALPERT** Prayed for and obtained from the Hon. **MARTIN HOFFMAN** Judge of the **68th District Court**, his most gracious TEMPORARY RESTRAINING ORDER and the said having given bond, as required by the fiat of the judge of the **68th District Court**.

Now, therefore, you, the said **JPMORGAN CHASE BANK NATIONAL ASSOCIATION, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1** your Counselors, Solicitors, Attorneys, Agents, Servants and employees are hereby commanded to DESIST and REFRAIN from **SEE ATTACHED COPY OF TRO** until further order of the District Court to be holden within and for the County of Dallas Judicial District of Texas at the Courthouse thereof, in the City of Dallas, at **2:30 P.M. ON AUGUST 17TH, 2009**, when and where this writ is returnable.

HEREIN FAIL NOT, under the penalty of the law.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas County, Texas.

Given under my hand and the seal of said Court, at office in the City of Dallas, **ON THIS THE 3RD DAY OF AUGUST, 2009**.

Attest: GARY FITZSIMMONS
Clerk, District Courts, Dallas County, Texas.

By **JO ANN GARDNER**, Deputy



## SHERIFF'S RETURN

Came to hand on the 3rd day of August 2009 at 4:00 o'clock P M., and executed the 3rd day of August 2009 at 4:20 o'clock P M., by delivering to J.P. Morgan Chase Bank National Association by delivering to its Registered Agent CT Corporation System Amber Castrouth accepting

the within named defendant 7 in person, a true copy of this writ.

Melodie J. Geffert

Sheriff Dallas County, Texas.

By [signature] ~~Deputy~~ SCHS10

FEES:

Serving Copy $ 70.—

Mileage $

Total $ 70—

**ATTY**

No. **DC-09-09688**

# IN

**68th District Court**

**SPENCER W ALPERT**

**VS.**

**JPMORGAN CHASE BANK NATIONAL ASSOCIATION**

## Temporary Restraining Order

ISSUED

**ON THIS THE**

**3RD DAY OF AUGUST, 2009**

GARY FITZSIMMONS

Clerk, District courts, Dallas County, Texas

By **JO ANN GARDNER**, Deputy

**DAVID BRUCE KOCH**
**14755 PRESTON ROAD**
**SUITE 600**
**DALLAS TX 75254**
**972/788-1600**

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID

VERIFICATION

Signed and sworn to by the said Melodie J. Geffen before me this 3rd day of August, 2009, to certify which witness my hand And seal of office.

ARTHUR HAROLD GEFFEN
NOTARY PUBLIC STATE OF TEXAS
My Commission Expires
October 19, 2012

Notary Public ____________ County ______



## SHERIFF'S RETURN

Came to hand on the 3rd day of August A.D. 2009, and executed on the 3rd day of August A.D. 2009, by delivering to J.P. Morgan Chase Bank National Association through Registered Agent CT Corporation Systems the within named Amber Carrouth, in person, a true copy of this Notice.

Melodie J. Geffen
~~Sheriff,~~ Dallas County, Texas

By [signature] ~~Deputy~~ SC45W

FEES:

Serving Notice $ 70
Mileage $

**ATTY**

4th

No. : **DC-09-09688**

**SPENCER ALPERT**
**VS.**
**JPMORGAN CHASE BANK NATIONAL ASSOCIATION**

# NOTICE

ISSUED

**ON THIS THE 3RD DAY OF AUGUST, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **JO ANN GARDNER**, Deputy

**DAVID BRUCE KOCH**
**14755 PRESTON ROAD**
**SUITE 600**
**DALLAS TX 75254**
**972/788-1600**




EXHIBIT C-7

**Form 375—NOTICE TO SHOW CAUSE**

No. **DC-09-09688**

SUIT PENDING IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

**SPENCER W ALPERT**

**VS.**

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1**

# THE STATE OF TEXAS

To: **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL1**

YOU ARE HEREBY COMMANDED TO BE AND APPEAR BEFORE THE HONORABLE JUDGE OF THE **68TH DISTRICT COURT** OF TEXAS, at the Courthouse in Dallas, Texas, on

**AUGUST 17TH, 2009 AT 2:30 P.M.**

THEN AND THERE TO SHOW CAUSE, if any, WHY

**THE TEMPORARY INJUNCTION SHOULD NOT BE GRANTED AS REQUESTED**

Herein Fail Not, but of this writ, and how you have executed the same, make due return.

WITNESS: GARY FITZSIMMONS, Clerk of the District Court of Dallas County, Texas.

Given under my hand and seal of office, at Dallas, **ON THIS THE 3RD DAY OF AUGUST, 2009.**

Attest: GARY FITZSIMMONS
Clerk, District Courts, Dallas County, Texas

_______________, Deputy.

VERIFICATION

Signed and sworn to by the said Melodie J. Geffen before me this 3rd day of August, 2009, to certify which witness my hand And seal of office.

ARTHUR HAROLD GEFFEN
My Commission Expires
October 19, 2012
NOTARY PUBLIC STATE OF TEXAS

Notary Public ____________ County ______



2009 AUG 14 PM 2:09

**CAUSE NO. DC-09-09688**

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, As Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1,** | § | |
| **Defendant.** | § | **68th-C JUDICIAL DISTRICT** |

**JOINT MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

**COMES NOW,** Plaintiff Spencer W. Alpert ("Alpert") and Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") (hereinafter collectively referred to as the ("Parties") and files this Joint Motion to Extend Temporary Restraining Order and, in support thereof, would show as follows:

1. On August 3, 2009, the Court granted a Temporary Restraining Order. The Court's order granting the Temporary Restraining Order set the hearing on Alpert's Application for Temporary Injunction for August 17, 2009 at 2:30 p.m.

2. The Parties move to extend the Temporary Restraining Order and reset the hearing on the Application for Temporary Injunction to allow the Parties time to determine if a resolution can be reached.

WHEREFORE, the Parties respectfully requests that the Court reset the hearing on Alpert's Application for Temporary Injunction for August 31, 2009 at a time established by the Court and allow the Temporary Restraining Order issued in this case to be extended in full force and effect until that time.



EXHIBIT C-8

Respectfully submitted,

WRIGHT GINSBERG BRUSILOW P.C.

By: ______________________
David B. Koch
State Bar No. 11643850
14755 Preston Road, Suite 600
Dallas, Texas 75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy

ATTORNEYS FOR PLAINTIFF

**AGREED:**

HARVEY LAW GROUP

By: Keith Allen Wolfshohl signed with permission
Keith Allen Wolfshohl
State Bar No. 24047135
TERESA C. CANNADY
SBN 24062649
P. O. Box 131407
Houston, Texas

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2009, a true and correct copy of the foregoing documents was served via facsimile as follows:

Keith Allen Wolfshohl
Harvey Law Group
P. O. Box 131407
Houston, Texas

______________________
David B. Koch

T:\8900s\8991\Litigation\P\Joint Motion to Extend.wpd

**David B. Koch**
Attorney and Counselor
dkoch@wgblawfirm.com

WRIGHT
GINSBERG
BRUSILOW
*A Professional Corporation*

14755 Preston Road, Suite 600
Dallas, TX 75254
Phone: 972.788.1600
Fax: 972.702.0662

FILED
2009 AUG 14 PM 2:09
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

August 14, 2009

*HAND DELIVERY*

68th Judicial District Court
Attention: Rosemary
George L. Allen, Sr. Courts Bldg.
600 Commerce St., Box 540
Dallas, Texas 75202

Re: Cause No. 09-09688; *Spencer W. Alpert, Plaintiff v. JPMorgan Chase Bank, National Association, As Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005 WL1*; In the 68th Judicial District Court, Dallas County, Texas

Dear Rosemary:

Pursuant to our conversation this morning, enclosed you will find an original and one (1) copy of a Joint Motion to Extend Temporary Restraining Order, along with three (3) copies of an order granting same. This motion is being hand delivered as the hearing on Plaintiff's Application for Temporary Injunction is currently set for August 17, 2009 at 2:30 p.m. Please present this motion to the court without the necessity of a hearing and return a file stamped copy of the Motion along with a conformed copy of the order granting same, to the undersigned in the enclosed, return addressed and stamped envelope.

Also, as we discussed this motion and order were mailed yesterday to the Court in error instead of being hand delivered. Please feel free to contact the undersigned if you have any questions. Thank you in advance for your attention to this matter.

Sincerely,

Sidney Perkins

Sidney Perkins
Assistant to David B. Koch

:ssp
Enclosures
cc: Keith Allen Wolfshohl (w/enc'ls.) *Via Facsimile*
I:\8900s\8991\Litigation\C\081409 Clerk.wpd

FILED
2009 AUG 17 AM 9:20
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

CAUSE NO. DC-09-09688

| | | |
|---|---|---|
| SPENCER W. ALPERT, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, As Servicer for DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1, | § | |
| Defendant. | § | 68th-C JUDICIAL DISTRICT |

**JOINT MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

COMES NOW, Plaintiff Spencer W. Alpert ("Alpert") and Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") (hereinafter collectively referred to as the ("Parties") and files this Joint Motion to Extend Temporary Restraining Order and, in support thereof, would show as follows:

1. On August 3, 2009, the Court granted a Temporary Restraining Order. The Court's order granting the Temporary Restraining Order set the hearing on Alpert's Application for Temporary Injunction for August 17, 2009 at 2:30 p.m.

2. The Parties move to extend the Temporary Restraining Order and reset the hearing on the Application for Temporary Injunction to allow the Parties time to determine if a resolution can be reached.

WHEREFORE, the Parties respectfully requests that the Court reset the hearing on Alpert's Application for Temporary Injunction for August 31, 2009 at a time established by the Court and allow the Temporary Restraining Order issued in this case to be extended in full force and effect until that time.





Respectfully submitted,

WRIGHT GINSBERG BRUSILOW P.C.

By: David B. Koch
State Bar No. 11643850
14755 Preston Road, Suite 600
Dallas, Texas 75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy

ATTORNEYS FOR PLAINTIFF

**AGREED:**

HARVEY LAW GROUP

By: Keith Allen Wolfshohl signed with permission
Keith Allen Wolfshohl
State Bar No. 24047135
TERESA L. CANNADY
SBN 24062649
P. O. Box 131407
Houston, Texas

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2009, a true and correct copy of the foregoing documents was served via facsimile as follows:

Keith Allen Wolfshohl
Harvey Law Group
P. O. Box 131407
Houston, Texas

David B. Koch

L:\8900s\8991\Litigation\P\Joint Motion to Extend.wpd

**David B. Koch**
Attorney and Counselor
dkoch@wgblawfirm.com

WRIGHT GINSBERG BRUSILOW
*A Professional Corporation*

14755 Preston Road, Suite 600
Dallas, TX 75254
Phone: 972.788.1600
Fax: 972.702.0662

FILED
2009 AUG 17 AM 9:20
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

August 13, 2009

Clerk of the Court
68th Judicial District Court
George L. Allen, Sr. Courts Bldg.
600 Commerce St., Box 540
Dallas, Texas 75202

Re: Cause No. 09-09688; Spencer W. Alpert, Plaintiff v. JPMorgan Chase Bank, National Association, As Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005 WL1; In the 68th Judicial District Court, Dallas County, Texas

Dear Clerk:

Enclosed with regard to the above referenced matter you will find an original and one (1) copy of a Joint Motion to Extend Temporary Restraining Order, along with three (3) copies of an order granting same. Please present this motion to the court without the necessity of a hearing and return a file stamped copy of the Motion along with a conformed copy of the order granting same, to the undersigned in the enclosed, return addressed and stamped envelope.

Please feel free to contact the undersigned if you have any questions. Thank you in advance for your attention to this matter.

Sincerely,

Sidney Perkins

Sidney Perkins
Assistant to David B. Koch

:ssp
Enclosures

cc: Keith Allen Wolfshohl (w/enc'ls.) *Via Facsimile*

I:\8900s\8991\Litigation\C\081309 Clerk.wpd

2009 AUG 19 AM 10: 17

**David B. Koch**
Attorney and Counselor
dkoch@wgblawfirm.com

WRIGHT GINSBERG BRUSILOW
*A Professional Corporation*

14755 Preston Road, Suite 600
Dallas, TX 75254
Phone: 972.788.1600
Fax: 972.702.0662

DEPUTY

August 17, 2009

*VIA FACSIMILE AND*
*CERTIFIED MAIL - RRR*
*Receipt No. 7008 1300 0001 0370 3865*

Keith Allen Wolfshohl
Harvey Law Group
P. O. Box 131407
Houston, Texas

Re: Cause No. 09-09688; *Spencer W. Alpert, Plaintiff v. JPMorgan Chase Bank, National Association, As Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005 WL1*; In the 68th Judicial District Court, Dallas County, Texas

Dear Mr. Wolfshohl:

Please be advised that the hearing on Plaintiff's Application for Temporary Injunction has been reset to August 31, 2009 at 10 a.m.

Sincerely,

Sidney Perkins
Sidney Perkins
Assistant to David B. Koch

:ssp

cc: 68th Judicial District Court
Attention: Rosemary

I:\8900s\8991\Litigation\C\081709KW.wpd

EXHIBIT
C-10

448C

CAUSE NO. DC-09-09688

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WASHINGTON MUTUAL, and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for LONG BEACH MORTGAGE LOAN TRUST 2005-WL1,** | § | |
| | § | |
| **Defendants.** | § | **68th-C JUDICIAL DISTRICT** |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

On this day came to be heard the Joint Motion to Extend Temporary Restraining Order filed by Plaintiff Spencer W. Alpert. Having considered the pleadings and the agreement of the parties, the Court is of the opinion that said motion should be GRANTED in all respects.

**IT IS THEREFORE, ORDERED** that the hearing on Plaintiff Spencer W. Alpert's Application for Temporary Injunction is reset on the 31st day of August, 2009, at 11:00 o'clock A.m., and that the Temporary Restraining Order issued in the case is extended in full force and effect until that time.

**SIGNED** this 17th day of April, 2009 at 8:45 o'clock a.m.

[signature]
JUDGE PRESIDING



EXHIBIT C-11

00470

**AGREED AS TO SUBSTANCE AND FORM:**

WRIGHT GINSBERG BRUSILOW P.C.

By: [signature]
David B. Koch
State Bar No. 11643850

14755 Preston Road, Suite 600
Dallas, Texas 75254
ATTORNEY FOR PLAINTIFF

HARVEY LAW GROUP

By: Keith Allen Wolfshohl signed with permission
Keith Allen Wolfshohl
State Bar No. 24047135

[signature]
TERESA L. CANNADY
SBN 24062649

P. O. Box 131407
Houston, Texas

ATTORNEY FOR DEFENDANT

I:\8900s\8991\Litigation\P\Order Extending.wpd

Filed
09 August 20 P12:47
Gary Fitzsimmons
District Clerk
Dallas District

No. 09-09688

| | | |
|---|---|---|
| **SPENCER W. ALPERT,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JPMORGAN CHASE BANK,** | § | |
| **NATIONAL ASSOCIATION,** | § | **68th JUDICIAL DISTRICT** |
| **As Servicer for DEUTSCHE** | § | |
| **BANK NATIONAL TRUST** | § | |
| **COMPANY, as Trustee for LONG** | § | |
| **BEACH MORTGAGE LOAN** | § | |
| **TRUST 2005-WL1,** | § | |
| | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

47

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ORIGINAL ANSWER**

COMES NOW JPMorgan Chase Bank, N.A. ("JPMC"), as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, incorrectly identified herein as "JPMorgan Chase Bank, National Association, as Servicer for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1", and in response to Plaintiff's Original Petition and Application for Temporary Restraining Order ("Original Petition"), files its Original Answer.

## I.
## GENERAL DENIAL

JPMC denies all and singular the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.





## II.
## ADDITIONAL DEFENSES

JPMC pleads the following matters in defense, should the same be necessary:

1. JPMC specifically denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

3. Some or all of Plaintiff's claims may be barred by the parol evidence rule and statute of frauds.

4. Plaintiff's claims are barred, in whole or in part, by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf, and/or third parties.

WHEREFORE, PREMISES CONSIDERED, Defendant JPMorgan Chase Bank, N.A. prays that Plaintiff takes nothing by this suit and that JPMC goes hence and recovers costs in its behalf expended.

Respectfully submitted,

Wm. Lance Lewis w/permission JMW

WM. LANCE LEWIS
Texas Bar No. 12314560
JAMES M. WORTMAN
Texas Bar No. 24047143
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qsclpc.com
jwortman@qsclpc.com

**ATTORNEYS FOR JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of August, 2009, a true and correct copy of the foregoing document was served, via certified mail, return receipt requested, upon David B. Koch, 14755 Preston Road, Suite 600, Dallas, Texas 75254.

James M. Wortman